IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10886
Conference Calendar

_____


JAMES H. BANKHEAD,

                                        Plaintiff-Appellant,

versus

A. TURNBOW, Property Officer CO III,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-160-X
- - - - - - - - - - -
December 10, 1997
Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

James H. Bankhead, Texas prisoner # 347694, appeals the

dismissal of his civil rights complaint as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i).  Bankhead contends that the

district court abused its discretion in dismissing as frivolous

his intentional deprivation-of-property claim and his claim of a

due process violation in his placement in administrative

segregation.  We have reviewed the record and Bankhead's brief

and AFFIRM the district court's dismissal of Bankhead's

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deprivation-of-property-claim for essentially the reasons set forth by the magistrate judge and adopted by the district court. See Bankhead v. Turnbow, No. 7:97-CV-160-X (N.D. Tex. Aug. 1, 1997).

"[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." Pichardo v. Kinker, 73 F.3d 612, 612 (5th Cir. 1996). Bankhead's administrative confinement does not present an "atypical and significant hardship" which gives rise to a protected liberty interest. Sandin v. Conner, 515 U.S 472, 483 (1995).

AFFIRMED.